UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BARR, ) | |
| ) | |
| Petitioner, ) | 3:10-cv-00056-ECR-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This is an action on a petition for writ of habeas corpus. Before the court is the response to the petition (docket #18) which argues the court lacks personal jurisdiction over the proper respondent and that the petition should be denied. Petitioner has not replied.

The petition is brought pursuant to 28 U.S.C. § 2241 and complains that petitioner, who was serving a sentence on parole under a federal conviction for armed robbery of a credit union, has been denied a timely parole revocation hearing.

**Personal Jurisdiction**

Respondents argue that petitioner's failure to name as a respondent his immediate custodian is fatal to these proceedings. When filing under section 2241, "the prisoner must name the warden of the penitentiary where he is confined as a respondent." *Allen v. State of Oregon,* 153 F.3d

1046, 1050 (9th Cir. 1998).  Petitioner's failure to mane his custodian deprives the federal court s of personal jurisdiction.  *See Johnson v. Reilly,* 349 F.3d 1149, 1153 (9th Cir. 2003); *see also* 28 U.S.C. § 2242.

In this case, petitioner named the United States Parole Commission as the sole respondent, failing to identify the warden of the facility wherein he was being held.  Thus, it would appear that this court has no personal jurisdiction over the respondent and the petition shall be dismissed on that basis.[1]  However, petitioner shall be given an opportunity to amend the petition to name the proper respondent and to respond to the arguments raised by respondents as to the proper means of obtaining the relief that he seeks by way of this petition.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that petitioner shall file his amended petition within 30 days of entry of this order.  Failure to do so will result in dismissal of the action with prejudice.

Dated this 24th day of August, 2010.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

---

[1] Respondents have offered an alternative argument related to the propriety of the petition and arguing for its denial in that petitioner cannot demonstrate that he was prejudiced by the 81 day delay in his parole revocation hearing.  Because the court will dismiss the matter on the basis of personal jurisdiction, these arguments, while meritorious, will not be addressed herein.