UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES BARR, | ) | |
| Petitioner, | ) | 3:10-cv-00056-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES PAROLE COMMISSION, | ) | |
| Respondent. | ) | |

This is an action on a petition for writ of habeas corpus by a federal prisoner housed in Arizona. Before the Court is the response (ECF No. 36) to the Second Amended Petition (ECF No. 34) and petitioner's traverse (ECF No. 37).

The petition is brought pursuant to 28 U.S.C. § 2241 and complains that petitioner, who was serving a sentence on parole under a federal conviction for armed robbery of a credit union, has been denied a timely parole revocation hearing and was not given written notification that the United States Parole Commission (the Commission) intended to revoke his street time credit.

Petitioner contends that the delay of 81 days beyond the date allowed by the Commission regulations (18 U.S.C. § 4201) and the failure to give written notice of the intent to revoke credit for his street time entitles him to credit of the 31 months of "street time" that the Commission revoked.

**I.     Procedural History**

Petitioner was arrested and convicted in October 1987, when he was sentenced to 20

1  years in prison on federal charges of armed credit union robbery and aiding and abetting. Exhibit
2  A.[1] He was released on parole on April 7, 1997, with a sentence expiration date of April 7, 2007.
3  Exhibit B. On November 7, 1995, a warrant was issued by the Commission charging petitioner with
4  criminal violations and violations of the special parole conditions. Exhibit C. Petitioner was
5  arrested on the warrant ten days later. Exhibit D. A revocation hearing was conducted on January
6  23, 1996 with the examiner recommending revocation of parole. Exhibit E. Parole was revoked and
7  he was given a future presumptive re-parole date of January 17, 1997. Exhibit F. He was re-paroled
8  on that date with a sentence expiration date of April 7, 2007. Exhibit G.

9        While on federal parole, petitioner was arrested at least three times in Oklahoma
10 (March 10, 1999 on charges of possession of drug paraphernalia, driving without a valid driver's
11 license, and failure to appear; March 13, 1999, on charges of possession of drug paraphernalia,
12 driving without a valid driver's licence, and failure to appear; and April 11, 1999, on charges of
13 armed robbery, failure to appear, robbery with a deadly weapon, attempted robbery). Exhibits H and
14 I. After having his federal parole revoked yet again, he was ordered to serve 60 months in prison.
15 Exhibit K. Petitioner was re-paroled on October 13, 2004, with a sentence expiration date of
16 December 30, 2009. Exhibit L.

17       Petitioner pled guilty to robbery in Nevada state court and on September 13, 2007,
18 was sentenced to 24-60 months on robbery and burglary charges. Exhibit M. On September 13,
19 2009, the Commission issued a warrant charging petitioner with robbery with a deadly weapon and
20 burglary with a firearm. Exhibit N. The Commission directed the U.S. Marshal Service to place the
21 warrant as a detainer until petitioner's release on his state sentence. *Id.* The warrant was then
22 executed on October 23, 2009. Exhibit O. On December 16, 2009, the U.S. Marshal Service
23 requested a federal prison designation for petitioner. Exhibit P. On February 4, 2010, the warrant
24 was supplemented with petitioner's robbery conviction in Nevada state court. Exhibit Q.

25

26     [1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and are found attached to that motion at ECF No, 18) or in support of the Response to the Second Amended Petition found at ECF No. 36.

1    The Bureau of Prisons designated the Federal Transfer Center in Oklahoma City,
Oklahoma for the location of the revocation hearing. Exhibit R. Because of a delay in receipt of
petitioner's state robbery conviction documentation, the hearing designation was not timely
processed. Exhibit S. However, on April 12, 2010, the revocation hearing was conducted. Exhibit
T. Parole was revoked and petitioner's "street time" was forfeited based on his conviction for an
offense committed while on parole. *See,* Exhibit to Response to Petitioner's Second Amended
Petition.

**II.    Discussion**

Respondents argue the petition should be denied because petitioner has failed to show
that the delay was unreasonable or caused him prejudice.

The Supreme Court made clear in *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972),
that a parolee's due process rights are violated when a parole revocation hearing is not held "within a
reasonable period after the parolee is taken into custody." However, the Ninth Circuit, along with
others, has determined that only where a parolee can demonstrate that the Commission's delay in
conducting a parole revocation hearing was both unreasonable and prejudicial, does a due process
violation occur. *See Camacho v. White,* 918 F.2d 74, 79 (9th Cir. 1990); *Hopper v. U.S. Parole
Commission,* 702 F.2d 842, 845 (9th Cir. 1983); *see also Heath v. United States Parole Comm'n,* 788
F.2d 85, 89 (2d Cir.) *cert. denied,* 479 U.S. 953 (1986). Here, petitioner claims if he had received
the proper written notification, he "would have been able to defend himself" and because the
deprivation of his right to notice is "**all**" the "prejudice necessary" he has shown prejudice.
(Petitioner's response to Respondent's Answer, p. 1.)

A parolee who seeks to claim prejudice on the basis of a delay in a parole revocation
hearing must show what evidence and what witnesses would have been presented at a timely hearing
which were unavailable because of the delay and, absent such a showing, the parolee may not claim
prejudice in that regard. *See Berg v. U.S. Parole Commission*, 735 F.2d 378, 379 n. 3 (9th Cir.1984)
(denying relief in habeas corpus to parole violator who alleged no facts showing that 36-month delay

1 in revocation hearing was unreasonable or that it caused him prejudice); *Vargas v. U.S. Parole
2 Commission*, 865 F.2d 191, 194 (9th Cir.1988). A delay in a revocation hearing by itself is not per se
3 unreasonable. *See Gaddy v. Michael*, 519 F.2d 669, 673 (4th Cir.1975) ("Mere lapse of time or
4 delay, without more, will no more violate the due process of a parolee than will a delay of trial in an
5 ordinary criminal case within the speedy trial provision of the Constitution."). The burden of proof is
6 on Petitioner to demonstrate that he has been prejudiced by the delay by showing that it has impaired
7 his ability to present witnesses or favorable information at his revocation hearing. *See United States
8 v. Wickham*, 618 F.2d 1307, 1310-11 (9th Cir.1979) (requiring demonstration of prejudice by
9 showing impaired ability to contest alleged violation or showing adverse effect upon ability to
10 present witnesses or favorable evidence).

11      The Court finds that petitioner has not shown that the delay was unreasonable or
12 prejudicial.  He offers no specifics as to how the delay prejudiced him.  His argument that failure to
13 give written notice impeded his ability to defend himself is insufficient, given that he offers no
14 showing of what defense he might have raised.  Moreover, the Court notes that the warrant upon
15 which his parole revocation was commenced contains specific language which indicates:

> If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. **Exception: For cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.**
>
> If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time.  IN addition, if you are a special parole term violator, you will not receive credit toward service of your sentence for the time you spent on parole.

Exhibit N.  The warrant clearly indicated a conviction of new offenses - the Nevada Robbery with a Deadly Weapon and Burglary with a Firearm charges.   Petitioner would have received this information and notice when the warrant was executed on October 23, 2009.  Exhibit O.

     The Second Amended Petition for Writ of Habeas Corpus shall be denied.

4

**III.     Certificate of Appealability**

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

The Clerk shall enter judgment accordingly.

Dated this 7th day of March, 2011.

*/s/ Edward C. Reed*
UNITED STATES DISTRICT JUDGE